UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | |
|---|---|
| **J. P. Bryan,** | x |
| **Plaintiff,** | x |
| v. | x   Case No. 4:20-cv-00025 |
| **County Judge Eleazar R. Cano,** | x |
| **Defendant.** | x |

**PLAINTIFF'S ORIGINAL COMPLAINT
FOR A DECLARATORY JUDGMENT**

NOW COMES J. P. Bryan, Plaintiff and files this Original Complaint for a Declaratory Judgment, as follows:

### I. PARTIES

1. Plaintiff J. P. Bryan is a citizen of the State of Texas, is a resident of Brewster County, Texas and is the owner of record of the Gage Hotel in Marathon, Texas.

2. Defendant Eleazar R. Cano is the County Judge of Brewster County, Texas and may be served at his office in the County Courthouse, Brewster County, Texas, 201 West Avenue E, Alpine, Texas 79830.

## II. JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S. C. 1331 because this suit involves a federal question, namely a violation of Plaintiff's right to equal protection under the Fourteenth Amendment to the United States Constitution.

4. Venue is proper because the Pecos Division includes Brewster County, Texas.

## III. FACTUAL BACKGROUND

5. Plaintiff has owned and operated the Gage Hotel in Marathon, Brewster County, Texas since 1978. The Gage Hotel was designed in 1926 by famed El Paso Architect, Henry C. Trost and is recognized as an historic structure by the award of an Official Historic Medallion by the Texas Historical Commission. The Gage Hotel has been the hotel of choice for thousands of visitors from Texas and other states who have used it as a base to explore the Big Bend and for celebrations and gatherings of all types. The Gage Hotel has been a successful business operation for many years and enjoys an enviable reputation as an oasis in a remote part of West Texas. The Gage Hotel has been the principal source of income for Marathon for many years. Additionally, the Gage Hotel, as well as other Brewster County hotels and short-term rentals in Alpine, Terlingua and Lajitas are major income generators for Brewster County, Texas.

6. On March 13, 2020, Governor Greg Abbott issued a Proclamation

declaring that COVID-19 poses an imminent threat of disaster and declared a state of disaster for all counties in Texas.  A copy of the Proclamation is attached as Exhibit A.

7. On March 17, 2020, Defendant County Judge signed and promulgated a Declaration of Local State of Disaster due to Public Health Emergency pursuant to Texas Government Code, Chapter 418.  A copy of the Declaration is attached as Exhibit B.  This Declaration expired and was terminated by operation of law on March 24, 2020 because it was never approved by the Brewster County Commissioners Court as required by Tex. Gov't Code §418.108(b).  On March 17, 2020, there were no reported cases of COVID-19 in Brewster County, Jeff Davis County, Terrell County, Presidio County, Reeves County, Culberson County and Hudspeth County on the Texas Health and Human Services website that tracks cases by county.

8. On March 19, 2020, Governor Greg Abbott issued Executive Order No. GA-08, which contained Orders Nos. 1 through 4.  Order No. 2 directed people to avoid eating or drinking at bars, restaurants, and food courts, or visiting gyms or massage parlors.  Executive Order No. GA-08 did not order or direct that hotels be closed.  A copy of the Executive Order GA-08 is attached as Exhibit C.

9. On March 20, 2020, County Judge Cano amended the Declaration

of March 17, 2020.  The amendment mandated that all hotels/motels and short-term rentals close and vacate their guests through April 2, 20020 except of guests who use a rental unit as their primary residence.  On March 20, 2020, there were no reported cases of COVID-19 in Brewster County, Jeff Davis County, Terrell County, Presidio County, Reeves County, Culberson County and Hudspeth County on the Texas Health and Human Services website that tracks cases by county.  A copy of the Amendment is attached as Exhibit D.

10.    On March 23, 2020, County Judge Cano again amended the Declaration of March 17, 2020.  The amendment mandated that all hotels/motels and short-term rentals close and vacate their guests through April 2, 2020 except for guests who use a rental unit as their primary residence. This amendment also created exceptions for certain categories of persons who, notwithstanding the closure order, were permitted to use the hotels:  (a) active duty military, law enforcement and national guard reserve, (b) emergency service personnel to support city, county, state, Sul Ross State University and school district operations or customers  and e) healthcare professionals and employees.  On March 23, 2020, there were no reported cases of COVID-19 in Brewster County, Jeff Davis County, Terrell County, Presidio County, Reeves County, Culberson County and Hudspeth County on the Texas Health and Human Services website that tracks cases by county.  A copy of the

Amendment is attached as Exhibit E.

11. On March 25, 2020, at an Emergency Meeting of the Brewster County Commissioners Court, Defendant County Judge signed and promulgated a new Declaration of Local State of Disaster Due to Public Health Emergency, a copy of which is attached as Exhibit F. The new Declaration was signed without hearing any testimony, or receiving any documentary evidence, that there was an imminent threat that COVID-19 would spread into Brewster County through visitors, including but not limited to, recreational visitors/travelers. After the Declaration of March 25, 2020 was signed by Defendant County Judge, the Commissioners present at the meeting approved the Declaration. The Declaration was promulgated by placing it on the County's website. On March 25, 2020, there were no reported cases of COVID-19 in Brewster County, Jeff Davis County, Terrell County, Presidio County, Reeves County, Culberson County and Hudspeth County on the Texas Health and Human Services website that tracks cases by county. There was one reported case in Pecos County.

12. After the Declaration was signed and approved by the Commissioners Court, County Judge Cano then signed an Order, dated March 25, 2020, a copy of which is attached as Exhibit G. The Order is nominally divided into Order No. 1 and Order No. 2. Oder No. 1 is entitled "Hotels,

Motels and Short-Term Rentals" and orders all hotels, motels and short term rental to close and vacate their guests through Thursday, April 2, 2020 except for (a) guests that have a primary residence in the hotel, motel or short term rental or customers (b) who are active duty military, law enforcement and national guard reserve, or (c) who are emergency service personnel to support city, county, state, Sul Ross State University and school district operations or customers or who are (d) healthcare professionals and employees. By its terms, the Order remained in effect until April 2, 2020 unless terminated or modified by a subsequent Order. The Order was promulgated by being placed on the Brewster County website on March 25, 2020.

13. On March 31, 2020, Governor Greg Abbott signed Executive Order GA-14, a copy of which is attached as Exhibit H. Executive Order GA-14 expressly superseded Executive Order GA-08. Executive Order GA-14 did not mandate the closure of hotels or ban travel between counties or within counties. Executive Order No. GA-14 also did not prohibit people from visiting parks, hunting or fishing or engaging in physical activity like jogging or bicycling so long as in person contact with persons in the same household were minimized. This Order became effective on April 2, 2020.

14. On April 1, 2020, Defendant County Judge signed an Amended Order, a copy of which is attached as Exhibit I. The Amended Order is

identical to the Order signed on March 25, 2020 closing hotels except that it continues in effect until April 9, 2020 unless terminated or modified by a subsequent Order. The Amended Order was promulgated by being placed on the Brewster County website on April 1, 2020. On April 1, 2020, there were no reported cases of COVID-19 in Brewster County, Jeff Davis County, Terrell County, Presidio County, Reeves County, Culberson County and Hudspeth County on the Texas Health and Human Services website that tracks cases by county.  There was one reported case in Pecos County.

15.   On April 7, 2020, Defendant County Judge signed an Order Extending Amended Order, a copy of which is attached as Exhibit J.  The Order Extending Amended Order is identical to the Order signed on April 1, 2020 except that it continues in effect until April 30, 2020 unless terminated or modified by a subsequent Order. The Amended Order was promulgated by being placed on the Brewster County website on April 7, 2020.  On April 9, 2020, there were no reported cases of COVID-19 in Brewster County, Jeff Davis County, Terrell County, Presidio County, Reeves County, Culberson County and Hudspeth County on the Texas Health and Human Services website that tracks cases by county.  There was one reported case in Pecos County.

16**.**   On April 7, 2020, Defendant County Judge also signed an Order Extending Supplemental Order, a copy of which is attached as Exhibit K.  The Order Extending Supplemental Order contains a paragraph entitled Order No. 5. Travel.  This Order bans all travel, whether by foot, car, bicycle, scooter, motorcycle, automobile or public transportation in Brewster except for purposes of Essential Activities or to perform or obtain services form an Essential Business, Essential Governmental Function or Critical Infrastructure and continues in effect until April 30, 2020 unless terminated or modified by a subsequent Order. The Order Extending Supplemental Order was promulgated by being placed on the Brewster County website on April 7, 2020.  On April 9, 2020, there were no reported cases of COVID-19 in Brewster County, Jeff Davis County, Terrell County, Presidio County, Reeves County, Culberson County and Hudspeth County on the Texas Health and Human Services website that tracks cases by county.  There was one reported case in Pecos County.

## IV. DECLARATORY JUDGMENT

17. In the Declaration signed by Defendant County Judge on March 25, 2020, he made the following findings to support his Order closing hotels, motels and short-term rentals:

> **WHEREAS, Brewster County, Texas is taking extraordinary measures to prevent the spread of the this potentially devasting disease within our community and the imminent threat of spread from outside the County through visitors, including but not limited to recreational visitors/travelers; and**
>
> **WHEREAS, said state of disaster requires that certain emergency protective measures taken pursuant to the Texas Disaster Act of 1975 relating to Emergency Management and Public Health, pursuant to Chapter 418 of the Texas Government Code.**

18. In order for Defendant County Judge to issue a Declaration of a local state of disaster and issue orders, he must be able to reasonably be able to conclude or find that a Disaster as defined in Tex. Gov't Code §418. 004(1) exists in Brewster County.   In Tex. Gov't Code §418.004(1) a Disaster means:

> **the occurrence or imminent threat of widespread or severe damage, injury, or loss of life or property resulting from any natural or man-made cause, including fire, flood, earthquake, wind, storm, wave action, oil spill or other water contamination, volcanic activity, epidemic, air contamination, blight, drought, infestation, explosion, riot, hostile military or paramilitary action, extreme heat, other public calamity requiring emergency action, or energy emergency.**

Defendant County Judge declared that a Disaster existed in Brewster County without any evidence to support that declaration.  On March 25, 2010, there was no

Page 9

evidence that COVID-19 virus had infected any residents of Brewster County and there was no imminent threat that COVID-19 would infect residents of Brewster County, Texas. There was also no evidence that visitors to Brewster County constitute an imminent threat to the residents of Brewster County because they would spread COVID-19.  There was also no evidence that the persons who are allowed to come into Brewster County under the Amended Order, as extended, and stay in hotels based on their occupations, are not a threat to the residents of Brewster County. The findings were made without receiving or considering any credible expert testimony that there was an imminent threat that COVID-19 would spread into Brewster County.  As of the date this Complaint is being filed, no COVID-19 cases have been reported in Brewster County, Texas on the Texas State Health and Human Services website.

19. Under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, "no State shall . . . deny to any person within its jurisdiction the equal protection of the laws.  U.S. Const. Amend. XIV, §1. Plaintiff is a person who has been intentionally treated differently by Defendant County Judge from other persons who are similarly situated when there is no rational basis for the difference in treatment.  Specifically, under the Order Extending Amended Order signed on April 7, 2020, Plaintiff cannot rent hotel rooms to guests other than (1) guests that have a primary residence in his hotel, or

(2) guests who are active duty military, law enforcement and national guard reserve, or (3) guests who are emergency service personnel to support city, county, state, Sul Ross State University and school district operations or (4) guests who are healthcare professionals and employees. Other similarly situated businesses in Brewster County are not prohibited from selling goods and services to visitors including recreational visitors and travelers from outside of Brewster County, Texas.  There is no rational basis to prohibit Plaintiff from renting rooms to visitors from outside of Brewster County other than the four categories of guests who are described in Amended Order and, at the same time, allowing other businesses in Brewster County that are similarly situated to sell goods and services to all customers  including visitors and travelers from outside Brewster County. The irrational classification is made more prominent by the fact that guests employed as described in the Amended Order who are allowed to rent rooms from Plaintiff may all be visitors or travelers to Brewster County and be just as likely to spread COVID-19 as visitors who are not so employed.  The Amended Order does not even require that the allowed classes of active military, law enforcement, national reserve, healthcare professionals and employees be in Brewster County for any purpose related to COVID-19.  Persons employed as described in the Amended Order can rent a room at a hotel just be verifying their employment classification

Page 11

and are in no different a position than visitors and travelers who want to rent rooms but are not so employed.

20.     Defendant County Judge's Oder Extending Amended Order signed on April 7, 2020 violates Plaintiff's right to equal protection under the Fourteenth Amendment to the United States Constitution and should be declared null and void.

21.     Defendant County Judge's Supplemental Order No. 5 signed on April 7, 2020 banning all travel encompasses travel into and out of Brewster County except for Essential Activities, Essential Business, Essential Governmental Functions or Critical Infrastructure.  The travel ban is unconstitutional under the privileges and immunities clause of the Fourteenth Amendment to the United States Constitution and should be declared null and void.

## VI.  ATTORNEY'S FEES

22.     Plaintiff J.P. Bryan requests that, after compliance with FRCP 54, he be awarded his costs and reasonable attorneys' fees.

## VII.  PRAYER

23.     Plaintiff requests the Court to issue a Declaratory Judgment declaring that the Order Extending Amended Order and the Supplemental Order No. 5, both signed on April 7, 2020, be declared void because they violate Plaintiff's constitutional rights to equal protection and privileges and immunities,

respectively, under the Fourteenth Amendment to the United States Constitution; to award him his costs and attorneys' fees and to award him such other and further relief to which he may be justly entitled at law or equity.

        Respectfully submitted,

        */s/Francis S. Ainsa, Jr.*
        Francis S. Ainsa, Jr.
        State Bar No. 00949000
        Attorney at Law
        3801 N. Capital of Texas Hwy
        Suite E240, PMB 653
        Austin, Texas 78746
        Tel: (915) 726- 3681
        Fax: (512) 532-6614
        fain@ainsalaw.com

        */s/ Carlos E. Cardenas*
        Carlos E. Cardenas
        Attorney at Law
        State Bar No. 03787700
        717 E. San Antonio
        3rd Floor
        El Paso, Texas 79901
        (915) 544-7860
        (915) 532-4768 Fax
        cecardenaslaw@gmail.com

        **ATTORNEYS FOR J.P. BRYAN**