UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| J. P. Bryan, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:20-cv-00025-DC-DF |
| | § | |
| County Judge Eleazar | § | |
| R. Cano, | § | |
| | § | |
| Defendant. | § | |

PLAINTIFF'S FIRST AMENDED ORIGINAL
<u>COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES</u>

J. P. Bryan, Plaintiff files this First Amended Original Complaint for declaratory relief and damages within 21 days after service upon County Judge Eleazar R. Cano, Defendant, as follows:

## INTRODUCTION

1.     On March 17, 2020, Defendant County Judge Eleazar R. Cano signed and promulgated a Declaration of Local Disaster under Tex. Gov't Code § 418.108. As of the date of the filing of this Amended Complaint, the Declaration is still in full force and effect.

2.      On March 20, 2020, Defendant County Judge, by amendment to the Declaration, ordered all hotels, motels and short-term rentals in Brewster County, Texas to close and vacate their guests through April 2, 2020.

3.      Defendant County Judge's order closing all hotels, motels and short-term rentals in Brewster County was extended and modified by various new orders such that all hotels, motels and short-term rentals must remain closed through April 30, 2020, subject to extension, but may admit guests who fall into certain employment categories as fully set out in an Order Extending Amended Order that was signed on April 7, 2020.

4.      Defendant County Judge's Order Extending Amended Order closing all hotels, motels and short-term rentals in Brewster County except for guests who fall into certain employment categories, expired at 11:59 p.m. on April 30, 2020 and was not renewed.  Hotels, motels and short term rentals in Brewster County opened on May 1, 2020 subject to applicable restrictions set forth in Executive Order GA-18 issued by Governor Gregg Abbott on April 27, 2020 and subject to Defendant County Judge's warning that he  reserves the right to issue "any necessary orders to prevent any threat to the health and safety of the citizens of Brewster County."

5.     Defendant County Judge's orders closing hotels, motels and short-term rentals were signed pursuant to the authority purportedly granted to him under Tex. Gov't Code §418.108(g).

6.     Plaintiff J. P. Bryan is a resident of Brewster County and the owner of the Gage Hotel in Marathon, Brewster County, Texas.

7.     Defendant County Judge's Declaration of Local Disaster and orders closing hotels, motels and short term rentals deprived Plaintiff of his rights to equal protection and due process under the Fourth, Fifth and Fourteenth Amendments to the U.S. Constitution as well as the Commerce Clause in the United States Constitution and violated his civil rights under 42 U. S. C. §1983.

8.     Accordingly, Plaintiff requests a declaratory judgment that Defendant County Judge's Declaration of Local Disaster under Tex. Gov't Code §418.108(a) and his orders closing all hotels, motels and short term rentals in Brewster County under Tex. Gov't Code §418.108(g) constituted an unconstitutional exercise of his powers and a violation of Plaintiff's civil rights under 42 U.S.C. §1983 and entitle Plaintiff to recover damages and attorneys' fees.

## JURISDICTION, VENUE
## AND GOVERNMENTAL IMMUNITY

9.     This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331, as this action arises under the Fourth, Fifth and  Fourteenth Amendments to the United States Constitution and the Commerce Clause in the United States Constitution;  under 28 U.S.C. § 1343(a)(3), in that it is brought to redress deprivations, under color of state law, of rights, privileges, and immunities secured by the United States Constitution; under 42 U.S.C. § 1983, which provides a cause of action for the protection of civil and constitutional rights; under 28 U.S.C. § 2201, to secure declaratory relief; and under 42 U.S.C. §1988 for an award of damages and attorneys' fees.

10.     Venue is proper because Plaintiff's claims arose in Brewster County, Texas which is within the Pecos Division of the United States District Court for the Western District of Texas.

11.     Defendant County Judge is not entitled to governmental or official immunity because his acts are unconstitutional and *ultra vires*.

## PARTIES

12.    Plaintiff J. P. Bryan is a citizen of the State of Texas, is a resident of Brewster County, Texas and is the owner of record of the Gage Hotel in Marathon, Texas.

13.    Defendant Eleazar R. Cano is the County Judge of Brewster County, Texas and is being sued in that capacity.  He was served on April 16, 2020 but has not yet answered.

## FACTS

14.    Plaintiff has owned and operated the Gage Hotel in Marathon, Brewster County, Texas since 1978. The Gage Hotel was designed in 1926 by famed El Paso Architect, Henry C. Trost and is recognized as an historic structure by the award of an Official Historic Medallion by the Texas Historical Commission. The Gage Hotel has been the hotel of choice for thousands of visitors from Texas and other states who have used it as a base to explore the Big Bend and for celebrations and gatherings of all types.   The Gage Hotel has been a successful business operation for many years and enjoys an enviable reputation as an oasis in a remote part of West Texas.  The Gage Hotel has been the principal source of income for Marathon for many years.  Additionally, the

Gage Hotel, as well as other Brewster County hotels and short-term rentals in Alpine, Terlingua and Lajitas are major income generators for Brewster County, Texas.    Plaintiff was forced to close the Gage Hotel on March 23, 2020 due to unconstitutional actions taken by Defendant County Judge as described below. Prior to being forced to close, the Gage Hotel had reservations that placed it on a projected trajectory of earning its highest net profit ever. After being notified that the Gage Hotel was ordered to close on March 23, 2020, Plaintiff's General Manager notified guests with reservations for periods after March 23, 2020 of the closure.  Plaintiff's General Manager is now in the process of notifying guests who had reservations for periods beginning on May 1, 2020 that the Gage Hotel will again be open on and after that date subject to Defendant County Judge's warning that he  reserves the right to issue "any necessary orders to prevent any threat to the health and safety of the citizens of Brewster County." Most of the guests who made reservations for periods on and after March 23, 2020 and before May 1, 2020 will in all probability not make new reservations for the remainder of this year. Plaintiff has had no room income from renting hotel rooms to guests between March 23, 2020 and May 1, 2020  but has to incur fixed costs to maintain the Gage Hotel property in good condition in order to preserve its value and future as a hotel property.  Plaintiff estimates that his net

Plaintiff's First Amended
Complaint for Declaratory
Relief
Page 6

profit for 2020 will be reduced in excess of $75,000.00 and that the decline in net profit has been proximately caused by Defendant County Judge's actions.

15.    On March 13, 2020, Governor Greg Abbott issued a Proclamation declaring that COVID-19 poses an imminent threat of disaster and declared a state of disaster for all counties in Texas.  A copy of the Proclamation is attached as Exhibit A.

16.    On March 17, 2020, Defendant County Judge signed and promulgated a Declaration of Local State of Disaster due to Public Health Emergency pursuant to Texas Government Code, Chapter 418.  A copy of the Declaration is attached as Exhibit B.   This Declaration expired and was terminated by operation of law on March 24, 2020 because it was never approved by the Brewster County Commissioners Court as required by Tex. Gov't Code §418.108(b).  On March 17, 2020, there were no reported cases of COVID-19 in Brewster County, Jeff Davis County, Terrell County, Presidio County, Reeves County, Culberson County and Hudspeth County on the Texas Health and Human Services website that tracks cases by county.

17.    On March 19, 2020, Governor Greg Abbott issued Executive Order No. GA-08, which directed Texans to avoid eating or drinking at bars, restaurants, and food courts, or visiting gyms or massage parlors.  Executive

Plaintiff's First Amended
Complaint for Declaratory
Relief
Page 7

Order No. GA-08 did not order or direct that hotels be closed.  A copy of the Executive Order GA-08 is attached as Exhibit C.

18.   On March 20, 2020, County Judge Cano amended the Declaration of March 17, 2020. The amendment ordered all hotels/motels and short-term rentals close and vacate their guests beginning on March 23, 2020 through April 2, 2020 except for guests who use a rental unit as their primary residence.  On March 20, 2020, there were no reported cases of COVID-19 in Brewster County, Jeff Davis County, Terrell County, Presidio County, Reeves County, Culberson County and Hudspeth County on the Texas Health and Human Services website that tracks cases by county.  A copy of the amendment is attached as Exhibit D.

19.   On March 23, 2020, County Judge Cano again amended the Declaration of March 17, 2020.  The amendment ordered all hotels/motels and short-term rentals close and vacate their guests through April 2, 2020 except for guests who use a rental unit as their primary residence and except for guests who were (a) active duty military, law enforcement and national guard reserve, (b) emergency service personnel to support city, county, state, Sul Ross State University and school district operations or customers  and (c) healthcare professionals and employees.  On March 23, 2020, there were no reported cases of COVID-19 in Brewster County, Jeff Davis County, Terrell County, Presidio

County, Reeves County, Culberson County and Hudspeth County on the Texas Health and Human Services website that tracks cases by county.  A copy of the Amendment is attached as Exhibit E.

20.    On March 25, 2020, at an Emergency Meeting of the Brewster County Commissioners Court, Defendant County Judge signed and promulgated a new Declaration of Local State of Disaster Due to Public Health Emergency, a copy of which is attached as Exhibit F.  This new Declaration was targeted at the "imminent threat of spread of from outside the County through visitors, including but not limited to, recreational visitors/travelers;".   The new Declaration was signed without hearing any testimony or receiving any documentary evidence that there was an imminent threat that COVID-19 would spread into Brewster County through visitors, including but not limited to, recreational visitors/travelers.  After the Declaration of March 25, 2020 was signed by Defendant County Judge, the Commissioners present at the meeting approved the Declaration.  The Declaration was promulgated by placing it on the County's website.  On March 25, 2020, there were no reported cases of COVID-19 in Brewster County, Jeff Davis County, Terrell County, Presidio County, Reeves County, Culberson County and Hudspeth County on the Texas Health and Human Services website that tracks cases by county.  There was one

reported case in Pecos County.

21.    After the new Declaration was signed and approved by the Commissioners Court, County Judge Cano then signed an Order, dated March 25, 2020, a copy of which is attached as Exhibit G.  The Order is nominally divided into Order No. 1 and Order No. 2. Order No. 1 is entitled "Hotels, Motels and Short-Term Rentals" and orders all hotels, motels and short term rental to close and vacate their guests through Thursday, April 2, 2020 except for (a) guests that have a primary residence in the hotel, motel or short term rental or customers (b) who are active duty military, law enforcement and national guard reserve, or (c) who are emergency service personnel to support city, county, state, Sul Ross State University and school district operations or customers or who are (d) healthcare professionals and employees. By its terms, the Order remained in effect until April 2, 2020 unless terminated or modified by a subsequent Order. The Order was promulgated by being placed on the Brewster County website on March 25, 2020.

22.    On March 31, 2020, Governor Greg Abbott signed Executive Order GA-14, a copy of which is attached as Exhibit H.   Executive Order GA-14 expressly superseded Executive Order GA-08.  Executive Order GA-14 did not mandate the closure of hotels or ban travel between counties or within counties.

Executive Order No. GA-14 also did not prohibit people from visiting parks, hunting or fishing or engaging in physical activity like jogging or bicycling so long as in person contact with persons in the same household were minimized. This Order became effective on April 2, 2020.

23.  On April 1, 2020, Defendant County Judge signed an Amended Order, a copy of which is attached as Exhibit I.  The Amended Order is identical to the Order signed on March 25, 2020 closing hotels except that it continues in effect until April 9, 2020 unless terminated or modified by a subsequent Order. The Amended Order was promulgated by being placed on the Brewster County website on April 1, 2020. On April 1, 2020, there were no reported cases of COVID-19 in Brewster County, Jeff Davis County, Terrell County, Presidio County, Reeves County, Culberson County and Hudspeth County on the Texas Health and Human Services website that tracks cases by county.  There was one reported case in Pecos County.

24.  On April 7, 2020, Defendant County Judge signed an Order Extending Amended Order, a copy of which is attached as Exhibit J.  The Order Extending Amended Order is identical to the Order signed on April 1, 2020 except that it continues in effect until April 30, 2020 unless terminated or modified by a subsequent Order. The Amended Order was promulgated by being

placed on the Brewster County website on April 7, 2020.  On April 7, 2020, there were no reported cases of COVID-19 in Brewster County, Jeff Davis County, Terrell County, Presidio County, Reeves County, Culberson County and Hudspeth County on the Texas Health and Human Services website that tracks cases by county.  There was one reported case in Pecos County.

25.    On April 7, 2020, Defendant County Judge also signed an Order Extending Supplemental Order, a copy of which is attached as Exhibit K.  The Order Extending Supplemental Order contains a paragraph entitled Order No. 5. Travel.  This Order bans all travel, whether by foot, car, bicycle, scooter, motorcycle, automobile or public transportation in Brewster except for purposes of Essential Activities or to perform or obtain services from an Essential Business, Essential Governmental Function or Critical Infrastructure and continues in effect until April 30, 2020 unless terminated or modified by a subsequent Order. The Order Extending Supplemental Order was promulgated by being placed on the Brewster County website on April 7, 2020.

26.    On April 27, 2020, Governor Gregg Abbott signed Executive Order GA-18, a copy of which is attached as Exhibit L  Executive Order GA- expressly superseded Executive Order GA-16 but does not supersede Executive Orders Nos. GA-10,11,12, 13, 15, or 17.  Executive Order GA-18 did not mandate the

closure of hotels or ban travel between counties or within counties.  Executive Order No. GA-18 permitted certain businesses to open on a restricted basis.

27.    On April 30, 2020, Defendant County Judge issued a News Release, a copy of which is attached as Exhibit M.  In the News Release, he announced that all Brewster County Executive Orders would expire at 11:59 p.m. on April 30, 2020 subject to further orders under the Declaration if he deemed it necessary to do so to protect the health and safety of  Brewster County citizens.

28.    On April 25, 2020, Defendant County Judge issued a second News Release, a copy of which is attached as Exhibit N.  In the News Release, he announced Brewster County had been notified that one person has been tested positive for COVID 19.

## COUNT I

### VIOLATION OF DUE PROCESS UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION (42 U.S.C. § 1983)

29.    Plaintiff re-alleges and incorporates by reference every allegation set forth in Paragraphs 14 through 28 as though fully set forth herein.  In the new Declaration signed by Defendant County Judge on March 25, 2020, he made the following findings to support his Order closing hotels, motels and short-term rentals:

**WHEREAS, Brewster County, Texas is taking extraordinary measures to prevent the spread of the this potentially devasting disease within our community and the imminent threat of spread from outside the County through visitors, including but not limited to recreational visitors/travelers; and**

**WHEREAS, said state of disaster requires that certain emergency protective measures taken pursuant to the Texas Disaster Act of 1975 relating to Emergency Management and Public Health, pursuant to Chapter 418 of the Texas Government Code.**

30.     In order for Defendant to lawfully issue a Declaration of a Local State of Disaster and issue orders, he must be able to reasonably conclude or find that a Disaster as defined in Tex. Gov't Code §418. 004(1) exists in Brewster County.   In Tex. Gov't Code §418.004(1) a Disaster means:

**the occurrence or imminent threat of widespread or severe damage, injury, or loss of life or property resulting from any natural or man-made cause, including fire, flood, earthquake, wind, storm, wave action, oil spill or other water contamination, volcanic activity, epidemic, air contamination, blight, drought, infestation, explosion, riot, hostile military or paramilitary action, extreme heat, other public calamity requiring emergency action, or energy emergency**.

Defendant County Judge declared that a Disaster existed in Brewster County without any evidence to support that declaration.  On March 25, 2010, there was no evidence that COVID-19 virus had infected any residents of Brewster County and there was no evidence of an imminent threat that COVID-19 would infect residents of Brewster County, Texas. There was also no evidence that visitors to Brewster

Plaintiff's First Amended
Complaint for Declaratory
Relief
Page 14

County constitute an imminent threat to the residents of Brewster County because they would spread COVID-19.   There was also no evidence that the persons described in the Order Extending Amended Order who, based on their occupations, were allowed to stay in hotels in Brewster County, would not constitute a threat to the residents of Brewster County that would be no different from visitors who were not in the specified occupations. The findings were made without receiving or considering any credible expert testimony that there was an imminent threat that COVID-19 would spread into Brewster County.   On April 30, 2020, for the first time, one COVID-19 case was reported in Brewster County, Texas.

31.    Defendant County Judge's original  and new Declarations signed on March 17, 2020 and March 25, 2020 respectively, deprived Plaintiff of his right to due process under the Fourteenth Amendment because they were signed and promulgated with no evidence that a local disaster had occurred in Brewster County and no evidence that a local disaster was imminently threatened.

32.    Plaintiff requests that the Court declare null and void Defendant County Judge's original Declaration signed on March 17, 2020 and his new Declaration signed on March 25, 2020 because they deprived Plaintiff of his right to Due Process under the Fourteenth Amendment to the United States Constitution.

# COUNT II

## VIOLATION OF EQUAL PROTECTION UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION
## (42 U.S.C. § 1983)

33.     Plaintiff re-alleges and incorporates by reference every allegation set forth in Paragraphs 14 through 28 as though fully set forth herein. Under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, "no State shall . . . deny to any person within its jurisdiction the equal protection of the laws.  U.S. Const. Amend. XIV, §1.  Plaintiff is a person who has been intentionally treated differently by Defendant County Judge from other persons who are similarly situated when there is no rational basis for the difference in treatment. Specifically, under the  Order signed on March 20, 2020 and other orders ending with the Order Extending Amended Order signed on April 7, 2020, Plaintiff could not rent hotel rooms to guests other than (1) guests that have a primary residence in his hotel, or  (2) guests who are active duty military, law enforcement and national guard reserve, or (3) guests who are emergency service personnel to support city, county, state, Sul Ross State University and school district operations or (4) guests who  are healthcare professionals and employees.  The Order signed on March 20, 2020 and the Order Extending Amended Order signed on April 7, 2020 should be reviewed under a strict scrutiny standard since they target visitors from outside

Brewster County and tramples on Plaintiff's constitutional rights.   There is no evidence that the Order of March 20, 2020 or the Order Extending Amended Order of April 7, 2020 serve a compelling state interest.   The four categories of guests who were allowed to stay in Brewster County Hotels were just as likely to be infected with COVID-19 as other visitors who were prohibited from staying in hotels. Additionally, the Order Extending Amended Order does not prohibit other businesses in Brewster County that are similarly situated with respect to Plaintiff from selling goods and services to all customers including visitors and travelers from outside Brewster County. This invidious classification is made more obvious by the fact that guests employed as described in the Order Extending Amended Order  who were allowed to rent rooms from Plaintiff could have been visitors or travelers to Brewster County and be just as likely to spread COVID-19 as visitors who were not so employed.   The Order Extending Amended Order did not even require that the allowed employee classes of active military, law enforcement, national reserve, healthcare professionals and employees be in Brewster County for any purpose related to COVID-19.   Persons employed as described in the Order Extending Amended Order could rent a room at a hotel just by verifying their employment classification and are in no different position than visitors and travelers who wanted to rent rooms but are not so employed.

34.    Defendant County Judge's Order dated March 20, 2020 and ending with his Order Extending Amended Order signed on April 7, 2020 deprive Plaintiff of his right to equal protection under the Fourteenth Amendment to the United States Constitution because they failed to serve a compelling state interest to overcome strict scrutiny and should be declared null and void.

## COUNT III

**VIOLATION OF DUE PROCESS UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION**
**(42 U.S.C. § 1983)**

35.    Plaintiff re-alleges and incorporates by reference every allegation set forth in Paragraphs 14 through 28 as though fully set forth herein. Plaintiff has a fundamental right under the Fourteenth Amendment to the United States Constitution to own and operate a hotel in Marathon, Texas so long as he complies with lawful local regulations over businesses.  Between March 23, 2020 and April 30, 2020 Plaintiff was complying with all lawful regulations of Brewster County applicable to hotels.

36.    Defendant County Judge's Order dated March 20, 2020 and ending with his Order Extending Amended Order dated April 7, 2020 closing all hotels, motels and short-term rentals also deprived Plaintiff's right to due process because closing hotels, motels and short-term rentals except to certain classes of employed

persons in order to prevent the spread of COVID-19 is unconstitutionally overbroad and overreaching instead of being narrowly tailored to serve a compelling state interest.

37.     There is now only one reported case of COVID-19 in Brewster County and that report was made on April 30, 2020.  When he closed all hotels, motels and short-term rentals, Defendant County Judge had no factual basis from which to conclude that this action serves a compelling state interest of Brewster County. Governor Greg Abbott has not ordered the closure of hotels. Defendant County Judge's Order of March 20, 2020 and his Order Extending Amended Order of April 7, 2020 should have been narrowly tailored to only require hotels, motels and short-term rentals to comply with any applicable requirements in executive orders issued by Governor Abbott.

38.     Defendant County Judge's Order dated March 20, 2020 and ending with his Order Extending Amended Order signed on April 7, 2020 deprived Plaintiff of his right to due process under the Fourteenth Amendment to the United States Constitution,   0failed to serve a compelling governmental interest sufficient to overcome strict scrutiny and should be declared null and void.

## COUNT IV

## UNREASONABLE SEIZURE IN VIOLATION OF THE
## FOURTH AND FOURTEENTH AMENDMENTS
## TO THE UNITED STATES CONSTITUTION
## (42 U.S.C. § 1983)

39.     Plaintiff re-alleges and incorporates by reference every allegation set forth in Paragraphs 14 through 28 as though fully set forth herein. Defendant County Judge's Order dated March 20, 2020 and ending with his Order Extending Amended Order signed on April 7, 2020 violated the Fourth and Fifteenth Amendments in that they were a meaningful interference with Plaintiff's possessory interests in his property, which is unreasonable because the interference is unjustified by law or, if justified, was not being compensated.

40.     Defendant County Judge's Order dated March 20, 2020 and ending with his Order Extending Amended Order signed on April 7, 2020 created a meaningful interference with Plaintiff's possessory interest in the Gage Hotel by prohibiting him from renting guest rooms except to persons who were in certain employment classifications.

41.     Additionally, the Defendant County Judge's Order dated March 20, 2020 and ending with his Order Extending Amended Order signed on April 7, 2020 created a meaningful interference with the Plaintiff's possessory interest in the Gage

Hotel by prohibiting him from staying in his hotel unless it was his primary resident, which it is not.

42.     Neither of the above interferences with Plaintiff's property interests have been compensated.

43.     These interferences with Plaintiff's property rights were not reasonable.

44.     Accordingly, the Defendant County Judge's Order dated March 20, 2020 and ending with his Order Extending Amended Order signed on April 7, 2020 constituted an unreasonable seizure in violation of the Fourth and Fourteenth Amendments.

45.     Defendant County Judge's Defendant County Judge's Order dated March 20, 2020 and ending with his Order Extending Amended Order signed on April 7, 2020 deprived Plaintiff of his right to be protected from unreasonable seizure under the Fourth and Fourteenth Amendments to the United States Constitution, failed to serve a compelling governmental interest sufficient to overcome strict scrutiny and should be declared null and void.

## COUNT V

## VIOLATION OF THE PRIVELGES AND IMMUNITIES CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION
## (42 U.S.C. § 1983)

46.     Plaintiff re-alleges and incorporates by reference every allegation set forth in Paragraphs 14 through 28 as though fully set forth herein. Defendant County Judge's Order No. 5 signed on April 7, 2020 banning all travel encompasses all travel into and all travel out of Brewster County by all persons, whether or not such persons are residents of Brewster Count, with the exception of persons traveling for Essential Activities, Essential Business, Essential Governmental Functions or Critical Infrastructure.

47.     The travel ban was all encompassing and directly prevented persons who were not infected with COVID 19 or who had recovered from staying at Plaintiff's hotel. The travel ban was unconstitutionally overbroad and did not serve any compelling state interest sufficient to overcome strict scrutiny. The travel ban was unconstitutional under the privileges and immunities clause of the Fourteenth Amendment to the United States Constitution and should be declared null and void.

## COUNT VI

## VIOLATION OF THE COMMERCE CLAUSE OF ARTICLE I, SECTION 8 OF THE UNITED STATES CONSTITUTION (42 U.S.C. §. 1983)

48.     Plaintiff re-alleges and incorporates by reference every allegation set forth in Paragraphs 14 through 28 as though fully set forth herein.  Defendant County Judge's Defendant County Judge's Order dated March 20, 2020 and ending with his Order Extending Amended Order signed on April 7, 2020, prohibited Plaintiff from renting rooms to visitors from outside of Brewster County other than the four categories of guests who are described in the Order Extending Amended Order.

49.     Article I, Sec. 8 of the United States Constitution ("Commerce Clause") confers "rights, privileges, or immunities" within the meaning of Sec. 1983.

50.     Plaintiff is a member of the protected class the Commerce Clause was intended to benefit.

51.     The prohibitions in the Defendant County Judge's Order dated March 20, 2020 and ending with his Order Extending Amended Order signed on April 7, 2020 constituted an interference with Plaintiff's trade, were an undue burden on interstate commerce, were unconstitutional, and should be declared null and void.

52.     Defendant County Judge's Order signed on March 20, 2020 and ending with his Order Extending Amended Order signed on April 7, 2020 violated the

Commerce Clause, Article 1, Section 8. of the United States Constitution, failed to serve a compelling governmental interest sufficient to overcome strict scrutiny and should be declared null and void.

## DECLARATORY RELIEF

53.    Plaintiff hereby re-alleges and incorporates by reference every allegation set forth in Paragraphs 14 through 28 as though fully set forth herein.

54.    An actual and substantial controversy exists between Plaintiff and Defendant County Judge as to their legal rights and duties with respect to whether the original and new Declarations of Local State of Disaster and the various Orders closing hotels, motels and short-term rentals deprived Plaintiff of his rights under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and the Commerce Clause of Article I, Section 8, of the United States Constitution, and proximately caused him to suffer damages.

55.    This case is presently justiciable because the Declaration of Local State of Disaster is still in effect and the Orders closing hotels, motels and short-term rentals deprived Plaintiff of his rights under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and proximately caused him to suffer damages.

56.    Declaratory relief is therefore appropriate to resolve this controversy.

## DAMAGES

57.     Defendant County Judge's deprivation of Plaintiff's constitutional rights as aforesaid has proximately caused Plaintiff to suffer damages in excess of $75,000.00 exclusive of costs and attorneys' fees.

## ATTORNEY'S FEES

58.     Plaintiff requests that, after compliance with FRCP 54, the court award him his costs and reasonable attorneys' fees.

## PRAYER

59.     Plaintiff prays for judgment against Defendant County Judge Eleazar R. Cano and that the Court:

(1)     declare that Defendant County Judge's original and new Declarations of Local State of Disaster null and void because they were unconstitutional under the due process clause of the Fourteenth Amendment to the United States Constitution; and,

(2)     declare that all of Defendant County Judge's orders closing hotels, motels and short-term rentals in Brewster County null and void because they were unconstitutional under the due process and equal protection clauses of the Fourteenth Amendment, Fourth Amendment, and Fifth Amendment to the

Plaintiff's First Amended
Complaint for Declaratory
Relief
Page 25

United States Constitution and the Commerce Clause of the United States

Constitution; and,

(3)     declare that Defendant County Judge's Order No. 5 prohibiting travel

into and out Brewster County null and void because it deprived Plaintiff of his

rights under the Privileges and Immunities clause of the Fourteenth Amendment

to the U. S. Constitution.; and

(4)     award Plaintiff compensatory damages for his losses that were

proximately caused by the unconstitutional actions of Defendant County Judge.

(5)     award Plaintiff his costs and expenses incurred in bringing this

action, including reasonable attorney fees pursuant to 42 U.S.C. § 1988; and

(6)     grant Plaintiff such other and further relief as the Court deems

equitable, just, and proper.

Respectfully submitted,

*/s/Francis S. Ainsa, Jr.*
Francis S. Ainsa, Jr.
State Bar No. 00949000
Attorney at Law
3801 N. Capital of Texas Hwy
Suite E240, PMB 653
Austin, Texas 78746
Tel: (915) 726- 3681
Fax: (512) 532-6614
fain@ainsalaw.com

*/s/ Carlos E. Cardenas*

Carlos E. Cardenas
Attorney at Law
State Bar No. 03787700
717 E. San Antonio
3rd Floor
El Paso, Texas 79901
(915) 544-7860
(915) 532-4768 Fax
cecardenaslaw@gmail.com

**ATTORNEYS FOR J.P. BRYAN**